UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENE L. THIBODEAU,

    Plaintiff,

v.                                          CASE NO: 8:06-cv-509-T-26MAP

CREDIT ADJUSTMENT BUREAU,
d/b/a CAB Collection Agency,

    Defendant.
_____/

**O R D E R**

The Court has for its consideration the parties' cross-motions for summary judgment and related submissions.[1] Because the parties are in complete agreement with regard to the undisputed facts and the applicable law, and because their respective motions counter each other's arguments in favor of summary judgment, the Court need not await the parties' responses to resolve the motions.

Plaintiff sued Defendant in a two-count complaint alleging violations of the Florida Consumer Collection Practices Act, sections 559.55-559.785, Florida Statutes, (the FCCPA) (count one) and the federal Fair Debt Collection Practices Act, §§ 15 U.S.C. 1692-1692o, (the FDCPA) (count two). The gravamen of Plaintiff's complaint is a letter sent by Defendant informing him in relevant part that his account with a medical

---

[1] See dockets 21, 22, 23, and 24.

provider "is scheduled to be reported as an unpaid collection item on your credit bureau file."[2] At the time Defendant sent the letter, Defendant was not registered as a consumer collection agency in the State of Florida as required by section 559.553(1), Florida Statutes.[3]

Plaintiff claims that Defendant's act of sending the letter without being registered properly in the State of Florida violated several provisions of both the FCCPA and the FDCPA. As to the FCCPA, Plaintiff alleges the following violations: (1) entering into an agreement to collect the debt of another without first being registered by the Act; (2) communicating with the debtor and otherwise attempting to collect the debt of another without first registering as required by the Act; and (3) falsely representing that it had a lawful right to collect the debt in violation of the Act. As to the FDCPA, Plaintiff alleges the following violations solely by virtue of not being registered in violation of the FCCPA: (1) attempting to collect a debt in an unfair and deceptive manner and (2) misrepresenting its legal right to collect the debt or its relationship to the debt.

Defendant argues its entitlement to summary judgment on the federal claim based on <u>Ferguson v. Credit Management Control, Inc.</u>, 140 F. Supp. 2d 1293 (M.D. Fla.

---

[2] Copies of the letter are attached to Plaintiff's complaint and Defendant's motion for summary judgment.

[3] This statutory provision provides that "[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration."

2001), in which the court held, in substantial reliance on <u>Wade v. Regional Credit Association</u>, 87 F. 3d 1098 (9th Cir. 1996), that a failure to register as a debt collector under Florida statutory law did not constitute a *per se* violation of the FDCPA in terms of threatening to take legal action that cannot legally be taken or that is not intended to be taken[4] and using any false representation or deceptive means to collect or to attempt to collect any debt.[5] Plaintiff contends he should be entitled to summary judgment on his FCCPA claim because, unlike the notice in <u>Ferguson</u>, the notice sent to him by Defendant contained a threat to take action that Defendant could not legally take by virtue of its non-registration in Florida, that is, reporting his unpaid account as an unpaid collection item on his credit bureau file. Defendant's argument carries the day.

      As in <u>Wade</u> and <u>Ferguson</u>, the notice Defendant sent Plaintiff was not a threat to sue or take legal action but merely an informational notice advising and reminding Plaintiff of his debt responsibilities, how to dispute or discharge the debt, and the consequences of impairing his credit rating should he fail to act. See <u>Wade</u>, 87 F. 3d at 1100; <u>Ferguson</u>, 140 F. Supp. 2d at 1301. And, as in <u>Wade</u> and <u>Ferguson</u>, Defendant did not falsely represent that Defendant was registered as a consumer collection agency in the State of Florida or that it had the authority to effect collection in Florida. See <u>Wade</u>, 87 F. 3d at 1100; <u>Ferguson</u>, 140 F. Supp. 2d at 1303. Finally, as in <u>Ferguson</u>, "there is

---

[4]  See 15 U.S.C. § 1692e(5).

[5]  See 15 U.S.C. § 1692e(10).

nothing in the letter designed to mislead or deceive even the least sophisticated consumer." Id. Consequently, Defendant is entitled to entry of summary judgment on the federal claim embodied in count two of Plaintiff's complaint.

As to the state-law claim advanced in count one, the Court determines, as the court did in Ferguson, that it should decline to exercise supplemental jurisdiction because it raises a novel question under Florida law - whether the mere fact of failing to register as a consumer collection agency constitutes a violation of the FCCPA - which is more appropriately addressed by a Florida state court.[6] In light of that determination, the Court will remand this state-law claim to state court.[7]

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiff's Motion for Summary Judgment (Dkt. 22) is denied.

2) Defendant's Motion for Summary Judgment (Dkt. 21) is granted in part and denied in part.

3) The Clerk is directed to enter judgment for Defendant as to count two of Plaintiff's complaint.

---

[6] The fact that a federal district court in Georgia may have answered this question in the affirmative, see Carrigan v. Central Adjustment Bureau, Inc., 494 F. Supp. 824, 827 (N.D. Ga. 1980), does not detract from its legal novelty under Florida law because, as the Florida Supreme Court has observed, "[t]he only federal decisions binding upon the courts of our state are those of the United States Supreme Court." Board of County Comm'rs of Lee County v. Dexterhouse, 348 So. 2d 916, 918 (Fla. 1977).

[7] Plaintiff originally filed his complaint in state court, after which Defendant removed it to this Court based on federal question jurisdiction. See dockets 1 and 2.

4) The Clerk is directed to remand this case (consisting of count one of Plaintiff's complaint) to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County Florida.

5) The Clerk is directed to close this case following entry of judgment and remand.

**DONE AND ORDERED** at Tampa, Florida, on December 4, 2006.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record